Terry Goddard
Attorney General

A.J. Rogers
Assistant Attorney General
State Bar No. 019968
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-7698
Fax:  (602) 542-7670
E-mail: AJ.Rogers@azag.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph Boateng,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Doe, et al.,<br><br>　　　　Defendants. | No:  CV10-1354-PHX-FJM (MEA)<br><br>**ANSWER**<br><br>**(Jury Trial Demanded)** |

　　　Defendant Malcolm, in answer to Plaintiff's First Amended Complaint (dkt. 7), admits, denies, and alleges as follows:

　　　1.　　Admits that Plaintiff was an inmate confined in the custody of the Arizona Department of Corrections ("ADC") from August 18, 2009, through March 2, 2010.

　　　2.　　Admits that Defendant is a current employee of the State of Arizona, and specifically ADC.  Defendant affirmatively alleges that at all times relevant to Plaintiff's First Amended Complaint, she acted solely in her official capacity.

　　　3.　　Admits that personal jurisdiction is proper in this Court.

　　　4.　　Admits that venue is proper.

5. Denies any and all allegations of wrongdoing set forth in Plaintiff's First Amended Complaint, as well as any other allegations of wrongdoing which may be inferred from the contents of all portions of the First Amended Complaint.

6. Denies each and every allegation not otherwise specifically admitted or denied.

7. Denies that Defendant violated Plaintiff's rights under the U.S. Constitution, Arizona State law, ADC rules or regulations, or any federal statutes.

8. Denies that Defendant failed to perform any duty required by law.

9. Denies that Plaintiff can receive punitive damages because he cannot show that Defendant had evil intent or motive.

10. Affirmatively alleges that Plaintiff has failed to state any claim upon which relief can be granted.

11. Affirmatively alleges that at all times relevant to Plaintiff's First Amended Complaint, Defendant acted in good faith and did not violate Plaintiff's constitutional rights of which a reasonable person would have known, hereby affirmatively raising the defense of qualified immunity.

12. Affirmatively alleges that Plaintiff sustained no physical injury as a result of Defendant's actions or inactions.

13. Affirmatively alleges that Defendant, at all times alleged herein, acted professionally and pursuant to legitimate penological interest and in compliance with all constitutional amendments and federal laws.

14. Affirmatively alleges that Plaintiff's First Amended Complaint fails, as a matter of law, to allege sufficient affirmative involvement of the Defendant.

15. Affirmatively alleges that the theory of *respondeat superior* is insufficient to support Plaintiff's First Amended Complaint.

16. Affirmatively alleges that the Prison Litigation Reform Act (PLRA) of 1996, 42 U.S.C. § 1997e(e) precludes Plaintiff from seeking damages for mental or emotional injury suffered while in custody without a prior showing of physical injury in any federal cause of action.

17. Affirmatively alleges that Plaintiff failed to exhaust prison administrative remedies that are available; and therefore, his claims are barred by 42 U.S.C. § 1997e(a) whether denominated as an affirmative defense, subject matter jurisdiction, quasi-jurisdictional, abatement, or a condition precedent.

18. Affirmatively alleges that Defendant lacks the authority to provide or deny the relief Plaintiff seeks and thus is not proper party to this suit.

19. Affirmatively alleges that any alleged injury to Plaintiff was due to his own intentional misconduct or negligence and not due to any misconduct or failing on the part of the Defendant.

20. Affirmatively alleges that claims against Defendant in her personal capacity are not appropriate with respect to claims for injunctive relief.

21. Affirmatively alleges that if Plaintiff owes restitution to the victims as a result of his criminal conviction, any monetary award made to Plaintiff is subject to set-off pursuant to the PLRA §§ 807 & 808.

22. Affirmatively alleges that this action is barred by the Eleventh Amendment to the United States Constitution.

23. Affirmatively alleges laches, waiver, mootness, immunity, ripeness, justiciability, standing, estoppel, collateral estoppel, claim or issue preclusion or *res judicata*, qualified immunity and any other matters constituting an avoidance or affirmative defense.

24. At the time of this Answer, Defendant does not know which, if any, additional affirmative defenses may be supported by the facts developed through

1. discovery. Accordingly, Defendant alleges, as though set forth herein in *haec verba*, all affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure.

25. Pursuant to Rule 38, Fed. R. Civ. P., Defendant demands a trial by jury.

WHEREFORE, Defendant prays for the following relief:

1. Dismissal of Plaintiff's First Amended Complaint with prejudice.

2. Entry of judgment in favor of Defendant, and that Plaintiff take nothing as a result thereof, including declaratory relief, injunctive relief, punitive, nominal, special or compensatory damages, and damages for mental suffering and anguish.

3. Grant Defendant her reasonable costs and expenses of this action, including attorneys' fees.

4. Grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of November, 2010.

TERRY GODDARD
Attorney General

s/ A. J. Rogers
A. J. ROGERS
Assistant Attorney General
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that <u>on the same day</u>, I served the attached document and Notice of Electronic Filing by mail on the following, who is not a registered participant of the CM/ECF System:

Joseph Boateng, A87-454-482
Pinal County Jail (H-20)
P.O. Box 2610
Florence, AZ  85132
*Plaintiff pro se*

s/ M. Beke
1278331