Joseph Kwaku Boateng (A87-454-482)
F.C.C./C.C.A.
P. O. Box 6900
Florence, Arizona 85132

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

JOSEPH KWAKU BOATENG,

      Plaintiff,

      V.

JOHN DOE 1 (LEWIS HEALTH SERVICES);
C.DANCIL; SHARON MALCOLM; JOHN
DOE 2 (OFFICER B1694)
      Defendants.

No. CV10-01354-PHX-FJM-MEA

## PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AGAINST DEFENDANT MCSO DETENTION OFFICER B 1694

Pursuant to 12(c), *Federal Rules of Civil Procedure*, this is the reply to an answer after being served with an order to reply. The Defendant's motion based on the Prisoner's Litigation Reform Act ("PLRA") exhaustion rule to dismiss my claim should be denied on the following grounds:

1

## GROUNDS FOR THE DISMISSAL OF DEFENDANT'S MOTION

<u>1</u>.   Civil action for deprivation of rights under **42 U.S.C section 1983**, as amended in 1979 provides that – Every person, under color of any statute, ordinance, regulation, customs or usage, of any State or territory of the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at Law, Suit in equity, or other proper proceedings for redress.

<u>2</u>.   Officer **B1694's** actions towards me fell directly under the deprivation and infringement of my Constitutional rights. As a general rule, the critical factor in determining whether a public official is entitled to absolute or qualified immunity is the nature of the particular act being challenged, not the office held by the defendant official - Judicial and legislative acts are protected by absolute immunity, while executive or administrative acts, by contrast, are protected by only qualified immunity.

<u>3</u>.   None of the reconstruction civil rights acts expressly extends to governmental officials the immunity from liability for damages conferred by the common law a point of potentially greatest significance in **Section 1983** actions – Hence **Section 1983** commands that [e]very person shall be liable to the party injured and the color of law proviso leaves no question but that the Statute is directed to the act of state and local officials.

<u>4</u>.   Although exhaustion is required before a prisoner's claim can be brought in court, exhaustion is not considered to be jurisdictional prerequisite to suit. Congress meant the **PLRA** to treat exhaustion as rather affirmative defense not as a

pleading requirement. To some extent the affirmative defense employed by the defendant is the modern incarnation of the old "confession and avoidance", which has the effect of stating that even if the allegations in the complaint are true, the defendant avoids or escapes liability. The grievance response also shows that **officer B1694** admitted to discharging the pepper-ball gun and as usual did not own up to his own mistakes and do the right thing but instead attributed it to the concoction that the gun went off when it fell to the ground.

**5**. My complaint shows brevity, clarity, simplicity and succinctness and contained factual allegations establishing plausible entitlement to relief under **section 1983** – See *Harris V. Adams (2005, SD Ohio) 410 F Supp 2d 707.*

**6**. A prisoner was required to exhaust whatever administrative remedies were provided by a penal institution even if the relief the prisoner sought was unavailable. In my case I was told that there was nothing to appeal since the case was under investigation, therefore the hearing officer refused to give me an appeal form upon request. Also being in Segregation at the time, I was unable to acquire an appeal form from fellow inmates. Furthermore the guards on duty ignored my request for an appeal forms, therefore there was no way of filing an appeal – See *Miller V. Tanner, 196 F.3d 1190 (11th Cir. 1999)* (in order to exhaust administrative remedies, inmate is not required to file an appeal after being told unequivocally that an appeal was unavailable); *Brown V. Sikes, 212 F3d 1205 (11th Cir. 2000)* (Exhaustion requirement of **PLRA** is satisfied as long as much relevant evidence as he reasonably can; if he does so, the prisoner may institute a 1983 action against defendants not named in the administrative proceedings because their identities were unknown and not readily ascertainable).

**7.** I could not file an appeal because I was transported from the jail to another facility (prison) – See *Malik V. District of Columbia, 574 F.3d 781 (D.C. Cir 2009)* (exhaustion requirement inapplicable because no administrative process was available to prisoner seeking to challenge conditions under which he was transported from one correctional facility to another).

**8.** Most relevant to answering the defendant MCSO **officer B1694's** affirmative defense is that, the **PLRA** only applies to actions challenging prison conditions brought by a prisoner. By definition, therefore, the Act does not apply to those who already have been released and thus no longer are prisoners. Similarly, an alien detainee or a civilly-committed detainee is not a prisoner as the term defined in the **PLRA**. I have been a Department of Homeland Security (**"DHS"**) detainee since **February 2, 2010**, ways before the complaint was filed, thus I am civilly detained and cannot be considered a prisoner – See *Ojo V.INS, 106 F.3d 680 (5th Cir. 1997); Troville V. Venz, 303 F.3d 1256(11th Cir. 2002) (per curium).*

Therefore in conclusion, I pray that the defendant **MCSO officer B1694's** motion to dismiss my first amended complaint be **denied**. Thank you, **God Blesses You.**

SINCERELY SUBMITTED

JOSEPH KWAKU BOATENG

_____          Date: March 10, 2011.
(Signature)

4

## CERTIFICATE OF SERVICE

I *Joseph Kwaku Boateng* do declare under penalty of perjury of the United States of America, that a copy of the foregoing answer has been mailed to the attorney for the defendant MCSO Detention Officer B1694 at the following address:

J. Scott Dutcher (bar No. 026174)
MARICOPA COUNTY
OFFICE OF GENERAL LITIGATION SERVICES
301 West Jefferson Street, Suite 3200
Phoenix, Arizona 85003-2143

_____
(Signature of declarant)

Executed on this 10th day of March in the year 2011.